JOSEPH M. HOOD, District Judge,
concurring.
I write separately to state my agreement with Judge Clay’s conclusion that, reasoning from Ruther v. Kaiser, 134 Ohio St.3d 408, 983 N.E.2d 291 (2012), Ohio courts would conclude that Ohio’s statute of repose could not permissibly bar Kennedy’s claim because it had accrued or vested prior to the expiration of the four year time frame established by the statute of repose. If we are wrong about how Ohio courts would proceed, then we will learn that in time. While Judge White’s concurrence articulates in a clear and cogent fashion how preemption doctrine would operate if an actual conflict between state and federal law arose, there is no need to determine whether federal law trumps Ohio law where there is no actual conflict between state and federal law because compliance with both federal and statute law is not a “physical impossibility” nor does the state law present an “obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” Calif. Fed. Sav. and Loan Ass’n v. Guerra, 479 U.S. 272, 281, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987). Certainly, the majority opinion in this matter should not be read to foreclose the application of preemption doctrine in other instances where an actual conflict between state and federal law concerning the time to commence a suit under the Federal Tort Claims Act arises on the facts.